**Vernalasi LAKSANA, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–1883–ag.

United States Court of Appeals, Second Circuit.

May 2, 2006.

Oleh R. Tustaniwsky, New York, New York, for Petitioner.

Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, John E. Gough, Jr., Assistant United States Attorney, Oxford, Mississippi, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Vernalasi Laksana, through counsel, petitions for review of the March 2005 BIA decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ, but supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Moreover, to the extent that the BIA summarily affirmed the decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the sub-

stantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). However, when applying "legal principles to undisputed facts," we review the agency decisions *de novo. Guan Shan Liao v. United States,* 293 F.3d 61, 66 (2d Cir.2002); *see also, e.g., Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001).

■ There was substantial evidence in the record to support the IJ's determination that, cumulatively, the conduct that Laksana had endured did not rise to the level of persecution. Laksana never suffered any physical harm or detention, and harassment or discrimination alone is insufficient to constitute persecution. *See Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004); *see also Damko v. INS,* 430 F.3d 626, 636–37 (2d Cir.2005).

■ Laksana's argument that the BIA failed to consider the entire record and, thus, incorrectly found that Laksana did not have a well-founded fear of future persecution is also meritless. The BIA and IJ explicitly considered the background materials in the record regarding Laksana's claim of discrimination against the ethnic Chinese in Indonesia. The record does not suggest that the BIA failed to consider any portion of the background materials. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir.2006). Substantial evidence also supports the BIA's conclusion that Laksana had failed to establish a pattern or practice of discrimination by native Indonesians because, as explained by the BIA, Laksana's documentary evidence indicates that the Indonesian government has taken steps to control the religious and ethnic violence.

Finally, in denying CAT relief, the IJ correctly determined that Laksana had failed to establish that it was more likely than not that she would be tortured if returned to Indonesia.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).